State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Kevin K. Stephenson, respondent.
___ N.W.2d ___

Filed May 31, 2013.    No. S-13-323.

Original action. Judgment of disbarment.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Kevin K. Stephenson, on April 16, 2013. The court accepts respondent's voluntary surrender of his license and enters an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on October 27, 2006. On February 13, 2013, after a 2-day jury trial before the district court for Greeley County, Kansas, the jury found respondent guilty of two counts of theft arising out of respondent's representation of an estate. See State v. Stephenson, Greeley County District Court, case No. 2011 CR 28. On May 3, the district court for Greeley County filed its journal entry of sentencing, which was modified by its nunc pro tunc order filed on May 15. Respondent's sentence began April 30, and he was sentenced to 16 months' imprisonment with 4 days' credit for time served and 24 months' postrelease supervision. Respondent was also ordered to pay restitution of $117,408.68 to the estate. After his convictions, respondent self-reported this matter to the Counsel for Discipline of the Nebraska Supreme Court.

On April 16, 2013, respondent filed a voluntary surrender in which he stated that he is aware that the Counsel for Discipline is currently investigating the events surrounding his convictions in Kansas. Respondent further stated that he does not contest the truth of the suggested allegations

being made against him. Respondent further stated that he freely, knowingly, and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the suggested allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the suggested allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly,

respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of disbarment.